J-S30045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHEILA ANN CARTER :
:
Appellant : No. 398 MDA 2021

Appeal from the PCRA Order Entered November 20, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000932-2019

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED FEBRUARY 25, 2022**

Appellant, Sheila Ann Carter, appeals from the order of the Court of

Common Pleas of Schuylkill County (trial court) dismissing her Post Conviction

Relief Act (PCRA)[1] petition without a hearing.  For the reasons set forth below,

we reverse and remand this case for the trial court to enter an order

reinstating Appellant's direct appeal rights.

On February 12, 2020, Appellant was convicted by a jury of two counts

of possession of a firearm by a prohibited person, four counts of possession

with intent to deliver a controlled substance (PWID), seven counts of

possession of a controlled substance, one count of possession of drug

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

paraphernalia, and one count of possession of a prohibited offensive weapon.[2] On March 30, 2020, the trial court sentenced Appellant to an aggregate term of imprisonment of 15 to 30 years.

At her sentencing, the trial court advised Appellant that she would be entitled to a lawyer to help prepare an appeal if she wished to file an appeal and Appellant clearly and unequivocally stated that she wanted to file an appeal. N.T. Sentencing at 31-32. Appellant's trial counsel made an oral motion to withdraw from representing Appellant, asserting that although he knew that Appellant wanted to file an appeal, he believed that Appellant's claims were all claims of ineffective assistance of counsel that should be asserted in a PCRA petition. *Id.* at 32. Appellant did not state that she agreed with trial counsel's assertions or that she consented to his withdrawal. *Id.* at 32-33. The trial court stated that it would take trial counsel's oral motion to withdraw under advisement and indicated that if it permitted trial counsel to withdraw, it would appoint new counsel for Appellant. *Id.* On April 9, 2020, the trial court granted trial counsel's request to withdraw without appointing appellate counsel for Appellant. Trial Court Order, 4/9/20.

No timely direct appeal was filed. On May 28, 2020, Appellant sent a letter to the trial court requesting to file a PCRA petition. In this letter, which

---

[2] 18 Pa.C.S. § 6105(a)(1), 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S. § 908(a), respectively.

was received by the trial court on June 8, 2020, Appellant specifically sought to be allowed to pursue a direct appeal from her judgment of sentence. 5/28/20 Letter (stating "I would like to appeal my sentence of 15-30 years" and asserting, *inter alia*, a claim of alleged insufficiency of the evidence that would be a subject of direct appeal). The trial court treated this letter as a timely PCRA petition and appointed PCRA counsel to represent Appellant. Trial Court Opinion, 5/28/21, at 2.

On October 19, 2020, Appellant's PCRA counsel filed a motion to withdraw and a no-merit letter. In his no-merit letter, PCRA counsel addressed both Appellant's claims that trial counsel was ineffective at trial and Appellant's request to reinstate her appeal rights. With respect to the latter, PCRA counsel concluded that Appellant was not entitled to reinstatement of her right to direct appeal because any appeal would lack merit and that she therefore could not show that trial counsel's failure to file an appeal caused her prejudice. No-Merit Letter at 4-5.

On October 28, 2020, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed a response to this notice requesting that her PCRA petition not be dismissed. On November 20, 2020, the trial court entered an order dismissing Appellant's PCRA petition, stating that its dismissal was based on PCRA counsel's no-merit letter. Trial Court Order, 11/20/20. On

December 2, 2020, the trial court granted PCRA counsel's motion to withdraw. Trial Court Order, 12/2/20.

Appellant filed a notice of appeal from the dismissal of her PCRA petition on March 16, 2021.[3] This Court issued a rule to show cause directing Appellant to show why the appeal should not be quashed as untimely. Appellant filed a response to the rule to show cause, in which she asserts that she was prevented from timely filing her appeal because "due to Covid-19 the prison [where she is an inmate] has been on lockdown since November 2020" and "only reopened the Law Library in March 2021" and that after the law library reopened, inmates were "only allowed 1 hour a week in the Law Library." Response to Rule to Show Cause. On July 26, 2021, the Court discharged the rule to show cause and referred this issue to the merits panel for consideration.

Before we may consider any of the issues raised by Appellant, we must determine whether we have jurisdiction over the appeal. Although Appellant's appeal is facially untimely, appellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in extraordinary circumstances,

_____

[3] Although the notice of appeal was received by the trial court on March 24, 2021, it appears that Appellant mailed it on March 16, 2021. Under the prisoner-mailbox rule, document is considered filed on the date that the inmate delivered it to prison authorities for mailing, regardless of when it is received. **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa. Super. 2019).

including non-negligent circumstances related to the appellant or her counsel that prevented the appeal from being timely filed. ***Criss v. Wise***, 781 A.2d 1156, 1159 (Pa. 2001); ***Cook v. Unemployment Compensation Board of Review***, 671 A.2d 1130, 1131-32 (Pa. 1996). An appeal *nunc pro tunc* on these grounds is allowed where the appellant shows that (1) the appeal was filed late as a result of non-negligent circumstances relating to the appellant or her counsel, (2) the notice of appeal was filed promptly after the situation preventing timely filing ended, and (3) the appellee was not prejudiced by the delay. ***Criss***, 781 A.2d at 1159; ***Cook***, 671 A.2d at 1131-32; ***Commonwealth v. Dumas***, No. 671 WDA 2020, at 5-6 (Pa. Super. April 30, 2021) (unpublished memorandum). Non-negligent circumstances that constitute grounds for *nunc pro tunc* appeal are limited to extraordinary and compelling circumstances that prevent an appellant from timely filing the appeal despite diligent efforts. ***Criss***, 781 A.2d at 1160 ("The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so"); ***Cook***, 671 A.2d at 1132 (*nunc pro tunc* appeal allowed where hospitalization prevented filing of timely appeal); ***Dumas***, slip op. at 4, 6 (*nunc pro tunc* appeal allowed where Covid-19 lockdown of prison prevented access to prison law library until after the appeal period expired).

Appellant has satisfied these requirements. Appellant has asserted and the Commonwealth does not dispute[4] that the Covid-19 pandemic caused a lockdown of the prison from November 2020 to March 2021 that prevented her from filing a notice of appeal from the time the order was entered until well beyond the 30-day appeal period. That constitutes extraordinary and compelling circumstances that warrant allowing *nunc pro tunc* appeal. **Dumas**, slip op. at 6. Her appeal, filed 16 days or less after limited access to the prison law library was restored, was filed promptly. **Compare Amicone v. Rok**, 839 A.2d 1109, 1115-16 (Pa. Super. 2003) (unreasonableness of four-month delay precluded *nunc pro tunc* appeal) with **Dumas**, slip op. at 6 (appeal seven days after lockdown ended was sufficiently prompt to allow *nunc pro tunc* appeal). The remaining requirement is also satisfied, as the Commonwealth does not claim that it has been prejudiced by the delay in filing the appeal. Therefore, we conclude that Appellant is entitled to *nunc pro tunc* relief with respect to this appeal and proceed to review the merits of her appeal from the dismissal of her PCRA petition.

Appellant in her brief argues both claims of trial court error and claims that her trial counsel was in effective in several respects. Appellant's Brief at

_____

[4] The Commonwealth filed a brief in which it contends that the dismissal of Appellant's PCRA petition should be affirmed on the merits, but does not argue that the appeal should be quashed as untimely.

4-19. These claims include the assertion that trial counsel failed to file a direct appeal despite her wish to file an appeal. *Id.* at 5.[5]

Appellant's claim that she told that trial counsel that she wanted to file a direct appeal is supported by the record. Indeed, her request to file a direct appeal appears in the transcript of her sentencing. N.T. Sentencing at 32. The trial court did not find that there was any failure by Appellant to make clear her wish to appeal or that she ever withdrew her expressed desire to appeal. Rather, the sole basis on which PCRA counsel and the trial court

---

[5] The trial court on March 31, 2021, issued an order directing Appellant "to file of record and serve on the Court a concise statement of the matters complained of on appeal no later than Monday, April 19, 2021." Trial Court Order, 3/31/21. Appellant's statement of issues filed in response to this order only referenced substantive issues that would be the subject of a direct appeal and claims of ineffective assistance of counsel at trial and did not specifically assert a claim of denial of her direct appeal rights. Appellant's Concise Statement of Reasons Complained of on Appeal. The trial court's order, however, did not comply with Pa.R.A.P. 1925(b), as it contained only the language quoted above directing Appellant to file and serve a statement and did not advise Appellant that issues not included in her concise statement would be waived. *See* Pa.R.A.P. 1925(b)(3)(iv) ("The judge's order directing the filing and service of a Statement shall specify: … that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived"). Therefore, the incompleteness of Appellant's concise statement does not constitute a waiver of her right to seek relief on the issue denial of her direct appeal rights in this appeal. *Rahn v. Consolidated Rail Corp.*, 254 A.3d 738, 745-47 (Pa. Super. 2021) (where trial court's order is inconsistent with the requirements of Rule 1925(b)(3) in a respect related to the appellant's noncompliance, waiver does not apply). Moreover, our appellate review is not impaired by the incompleteness of Appellant's concise statement, as the trial court addressed the issue of the denial of Appellant's direct appeal rights. Trial Court Order, 11/20/20; Trial Court Opinion at 2.

concluded that the denial of Appellant's direct appeal rights could be excused was that any appeal would not be meritorious. No-Merit Letter at 4-5; Trial Court Order, 11/20/20 (expressly basing its dismissal of Appellant's PCRA on PCRA counsel's no-merit letter).

That is not a valid ground for denying a PCRA request for restoration of direct appeal rights. A defendant has an absolute right to appeal, even if counsel believes that the appeal would be frivolous. *Commonwealth v. Wilkerson*, 416 A.2d 477, 479 (Pa. 1980); *Commonwealth v. Bronaugh*, 670 A.2d 147, 149 (Pa. Super. 1995). If counsel believes that the appeal is frivolous and the defendant nonetheless wishes to appeal, counsel is required to file the appeal and file an *Anders*[6] brief and petition the court for leave to withdraw. *Wilkerson*, 416 A.2d at 479; *Bronaugh*, 670 A.2d at 149. Where counsel fails

> to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of [the PCRA]. Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

---

[6] *Anders v. California*, 386 U.S. 738 (1967).

- 8 -

*Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999) (footnote omitted).

The remedy for deprivation of appellate rights is an order restoring the defendant's appeal rights. *Lantzy*, 736 A.2d at 572-73; *Bronaugh*, 670 A.2d at 149; *Commonwealth v. Ciotto*, 555 A.2d 930, 931 (Pa. Super. 1989). Accordingly, where the defendant has filed a timely PCRA petition requesting reinstatement of her direct appeal rights and it is shown that the defendant told counsel that she wished to appeal and that counsel failed to file a timely appeal, the PCRA court is required to grant reinstatement of the defendant's right to file a direct appeal and may not address any of the other issues raised in the PCRA petition. *Bronaugh*, 670 A.2d at 149; *Commonwealth v. Taylor*, No. 1091 WDA 2020, at 7-8 (Pa. Super. July 8, 2021) (unpublished memorandum).

Because the record here establishes that Appellant requested to file a direct appeal and was deprived of her right to a direct appeal, the trial court was required to grant her the relief of restoring her direct appeal rights and it erred in considering the merits of her substantive claims of error and other claims of ineffective assistance of counsel and in dismissing her PCRA petition. Accordingly, we reverse the trial court's order and remand this case with instructions to enter an order granting Appellant leave to file a direct appeal from her judgment of sentence *nunc pro tunc* and appointing counsel to represent her in that appeal.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/25/2022